IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DANIEL R. STEWART          )
                           )
    v.                     )    NO. 1:08-0034
                           )
LES HELTON, et al.         )

TO:    Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered June 12, 2008 (Docket Entry No. 17), this action was referred, pursuant 28 U.S.C. §§ 636(b)(1)(A) and (B), to the Magistrate Judge for management of the case, for decisions on all pre-trial non-dispositive motions, to issue a report and recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 33) filed by Defendants Les Helton and Sam Bragg, to which the plaintiff has filed a Response in Opposition[1] (Docket Entry Nos. 39, 46, and 49).

For the reasons set forth below, the Court recommends that the motion be granted.

---

[1] The three filings made by the plaintiff are captioned "Motion for Evidentiary Hearing," "Motion to Continue with Civil Action," and "Second Motion to Proceed with Civil Action and Request for Evidentiary Hearing." However, the filings are clearly directed at the defendants' motion to dismiss and the Court shall construe the filings in part to be the plaintiff's response in opposition to the motion to dismiss.

# I. BACKGROUND

The plaintiff is a inmate of the Tennessee Department of Correction ("TDOC") incarcerated at the Charles Bass Correctional Complex ("CBCC"). The plaintiff[2] filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 on February 19, 2008, seeking relief for violations of his constitutional rights alleged to have been committed at the Marshall County Jail ("Jail") in Lewisburg, Tennessee, where he was held as a pre-trial detainee prior to being transferred to the TDOC and where we was held at the time the complaint was filed.[3] Named as defendants in the complaint are Marshall County Sheriff Les Helton, Jail Administrator Sam Bragg, and Dr. Kenneth Phelps.

The plaintiff's first claim is that he has not received proper medical treatment at the Jail. He asserts that he suffers from congestive heart failure and has both a pacemaker and an "internal cardioverder diffibulator" (sic) ("ICD") implanted in his body. See Complaint (Docket Entry No. 1), at 5-6. On December 22, 2007, the plaintiff alleges that he was arrested and, because he began having chest pains, he was transported to the Marshall County Medical Center ("Medical Center") instead of the Jail. He asserts that he was taken from the Medical Center to the Jail with instructions to return to the Medical Center if he began having chest pains or if his ICD "fired" again, but that he "was refused medical treatment and placed in administrative lock down for 48 hours" when he

---

[2] Another inmate, Joey Q. Perryman, was listed as a co-plaintiff in the original complaint. However, the claims of the two inmates were severed, and Mr. Perryman was directed to submit a filing fee or in forma pauperis application within 30 days. See Order entered March 5, 2008 in 1:08–mc-0010 (Docket Entry No. 2), and March 6, 2008, in 1:08-0012 (Docket Entry No. 2). Mr. Perryman did not tender a filing fee or file an in forma pauperis application. Therefore, Mr. Perryman has no pending claims against the defendants.

[3] The plaintiff filed a change of address notice on June 19, 2008, indicating that he was confined at the CBCC. See Docket Entry No. 26.

began having more chest pains.  Id. at 6-7.  He contends that his ICD fired three times while he was in administrative lock down and fired again on February 3, 2008, and he was again given no medical treatment.  He contends that, on each occasion, Defendants Helton and Bragg were made aware of his condition but failed to take any action.

The plaintiff alleges that he also suffers from adult epilepsy and suffered a seizure on January 28, 2008, during which he fell to the floor and bled from both his nose and ears.  Id. at 7.  He contends that he was denied medical treatment on this date and that Defendants Helton and Bragg were both made aware of his seizure.

Finally, the plaintiff asserts that, after arriving at the Jail on December 22, 2007, he was denied cardiac medication for seven days and denied seizure medication for 21 days and that he had constant chest and headache pains.

The plaintiff's second claim is that he was confined at the Jail for approximately 58 days without any type of regular outdoor exercise or exposure to fresh air or sunshine.  The plaintiff's third claim is that Defendants Helton and Bragg have denied him access to news media because they do not permit inmates at the Jail to have newspapers for the stated reason that newspapers are a fire hazard.

Process for Defendant Phelps was returned unexecuted.  See Docket Entry No. 32.  By Order entered August 11, 2008 (Docket Entry No. 34), the plaintiff was advised that it was his responsibility to provide an address at which defendant Phelps could properly be served, and by Order entered September 22, 2008 (Docket Entry No. 42), the plaintiff was warned that Phelps was subject to dismissal in accord with Rule 4(m) of the Federal Rules of Civil Procedure.

In lieu of an answer, Defendants Helton and Bragg filed the pending motion to dismiss. They seek dismissal of this action under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. They argue that they are entitled to qualified immunity from the claims raised by the plaintiff. They also assert that the plaintiff has failed to exhaust his administrative remedies, and that the plaintiff's allegations fail to state a constitutional claim upon which relief can be granted.[4]

In response, Plaintiff disputes that Defendants are entitled to qualified immunity and argues that Defendants have not addressed the main issues in his case. The plaintiff contends that Defendants should share in the responsibility for the lack of medical care at the Jail even if Marshall County has contracted with a private party to provide the actual medical care to Jail inmates. The plaintiff does not address the failure to exhaust administrative remedies defense asserted by the defendants.

## II. CONCLUSIONS

Rule 12(b)(2)

The defendants refer to Rule 12(b)(2) of the Federal Rules of Civil Procedure as a ground for dismissal. However, Defendants do not set forth any actual argument as to why the Court lacks personal jurisdiction over them. Accordingly, the Court finds that dismissal on this basis is not warranted.

---

[4] In their motion, the defendants also refer to the claims of Joey Perryman contending that they are barred by res judicata. See Docket Entry No. 33, at 4. As set out supra at n. 2, the claims of Joey Perryman are no longer a part of this action.

Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999). Once the affirmative defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or that it is now futile for him to do so. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999)(citing Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir.), cert. denied, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997)). There is no futility exception to the exhaustion requirement.

5

Booth, 532 U.S. at 741 n.6.  See Boyd v. Corrections Corp. of America, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's failure to file grievance was not excused by his subjective belief that prison officials would not respond to his grievance); Hartsfield, 199 F.3d at 309 ("We have previously held that an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."). Further, it is well-settled that a prisoner cannot exhaust his administrative remedies during the pendency of the action he files. Harvin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005); Freeman v. Francis, 196 F.3d 645 (6th Cir. 1999).

The defendants raise the affirmative defense of failure to exhaust administrative remedies in their motion. See Docket Entry No. 33, at 2. The plaintiff's response is two-fold. He argues that exhaustion of administrative remedies is not required prior to bringing a civil rights lawsuit. See Motion for Evidentiary Hearing (Docket Entry No. 39), at 2, § II. While it is true that the plaintiff is not required to plead and demonstrate exhaustion in his complaint, see Jones v. Bock, 549 U.S. at 216, as set out supra, it is well-settled that exhaustion under Section 1997e(a) is a statutory requirement and that a plaintiff must show that he has exhausted administrative remedies once the defendant has raised failure to exhaust as an affirmative defense.

The plaintiff then asserts that he "has exhausted this method several times with no relief." See Motion for Evidentiary Hearing (Docket Entry No. 39), at 2, § II. However, the plaintiff provides no factual support for this general statement via affidavit or documentary evidence clarifying any specific instances when he attempted to grieve at the Jail any of the three distinct matters about which he now complains. Furthermore, his statement directly contradicts the statement he made in his complaint that he did not exhaust any state remedies and that the Jail does

6

not have a grievance board and/or the equivalent. See Complaint, at 4. In fact, the two statements, when read together, could be read to mean that the plaintiff did not attempt to pursue administrative remedies for any of the claims raised in the instant action because he was unsuccessful in pursuing administrative remedies on other complaints he had while at the Jail. To the extent that the plaintiff argues he should be excused from the administrative remedies requirement because he has previously availed himself of the grievance procedure "with no relief," see Docket Entry No. 39, at 2, his dissatisfaction with the results of prior grievances and belief that pursuing grievance at the Jail is futile does not relieve him of his obligation to pursue administrative remedies for the instant claims. See Booth, 532 U.S. at 741 n.6; Boyd, 380 F.3d at 998; Hartsfield, 199 F.3d at 309.

The instant action should be dismissed without prejudice under 42 U.S.C. § 1997e(a) because the plaintiff has not set forth any evidence showing that he exhausted the administrative remedies available to him at the Jail prior to filing his complaint or, alternatively, that there was a lack of available remedies at the Jail.

Because the Court finds that dismissal of this action under Section 1997e(a) is warranted, it is not necessary to address the other arguments for dismissal raised by the defendants.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 33 be GRANTED to the extent that it raises the affirmative defense of failure to exhaust administrative remedies and that this action be DISMISSED WITHOUT PREJUDICE under 42 U.S.C. § 1997e(a).

The Court also RECOMMENDS that Defendant Kenneth Phelps be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because he has not been served with process in this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge