# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL R. STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:08-0034 |
| | ) | Judge Trauger |
| **LES HELTON, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered on January 21, 2009 (Docket Entry No. 50), to which the plaintiff has filed a timely objection (Docket Entry No. 54).

### I. STANDARD OF REVIEW

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the Magistrate Judge's recommendations to which objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Rule 72(b)(3), Fed. R. Civ. P.

### II. ANALYSIS

The defendants filed a motion to dismiss on July 23, 2008 under Rules 12(b)(2) and 12(b)(6), Fed. R. Civ. P. (Docket Entry No. 33) The defendants argued in their motion to dismiss that: 1) they are entitled to qualified immunity; 2) the plaintiff failed to exhaust his administrative remedies; and 3) the complaint failed to state a claim on which relief may be granted.

The Magistrate Judge recommended that the complaint be dismissed without prejudice,

because the plaintiff failed to exhaust his administrative remedies before bringing this action in federal court. (Docket Entry No. 50, p. 7) The Magistrate Judge did not address the other arguments raised by the defendants in their motion to dismiss. (Docket Entry No. 50, p. 7)

In his timely objection, the plaintiff argues on one hand that the Marshall County Jail "does not have a grievance board or the equivalent thereof." (Docket Entry No. 54, p. 1) On the other hand, the plaintiff asserts that "[a]ll the grievances was [*sic*] forwarded to the jail administrator defendant Sam Bragg." (Docket Entry No. 54, p. 1) The plaintiff states further that, if the court "would petition the Defendants' [*sic*] to produc[e] documents from the Marshall County Jail," the court "would know . . . that [he] filed said grievances . . . ." (Docket Entry No. 54, p. 2)

It is clear from the foregoing that the plaintiff filed one or more grievances that were forwarded to the jail administrator, defendant Bragg. In other words, it is apparent that the plaintiff initiated whatever grievance process that the Marshall County Jail had in place. It is equally apparent from the record that the plaintiff did not receive a response to those grievances, nor did he pursue the matter when no response was received.

As the Magistrate Judge correctly noted, a prisoner-plaintiff cannot abandon the administrative process, and then claim that he exhausted his administrative remedies, or that it is now futile for him to do so. (Docket Entry No. 50, p. 5) It is apparent from the record that the plaintiff did just that. Consequently, the plaintiff failed to exhaust his administrative remedies prior to bringing this action in federal court.

### III. CONCLUSION

After reviewing the record, including the R&R and the plaintiff's response thereto, the court is of the opinion that the Magistrate Judge's conclusions and recommendations are correct.

2

Accordingly the R&R is **ACCEPTED**, and is **ADOPTED** as the findings of fact and conclusions of law of this court. For the reasons expressed in the R&R, and in this opinion, the plaintiff's claims against defendant CCA are **DISMISSED** without prejudice.

Entry of this order shall constitute the final judgment in this action.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge